```
            UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF VIRGINIA
                    Norfolk Division
```

**DILLARD BOOKER, #14747,**

                    **Petitioner,**

**v.**                                                  **2:08CV507**

**GENE M. JOHNSON, Director of the**
**Virginia Department of Corrections,**

                    **Respondent.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I. STATEMENT OF THE CASE

#### A. Background

On May 24, 2005, in the Circuit Court for the City of Newport News, Virginia, petitioner was convicted of forcible sodomy of a child less than thirteen years of age, object sexual penetration of a child less than thirteen years of age, and abduction. Petitioner was sentenced to serve seventeen years imprisonment. Petitioner appealed to the Virginia Court of Appeals, and on March 27, 2006, the court granted the appeal on petitioner's speedy trial claim but denied the appeal on the evidentiary claim. On December 28, 2006, the court found there was no violation of petitioner's speedy trial rights and affirmed his convictions. Petitioner then appealed to the Supreme Court of Virginia, but on August 14, 2007, the appeal was refused, and on September 24, 2007, a petition for a rehearing was denied.

On May 1, 2008, petitioner filed a petition for a writ of habeas corpus in the Circuit Court of the City of Newport News, but on May 28, 2008, the petition was dismissed, and petitioner's motion to reconsider was denied on September 9, 2008.

On October 23, 2008, petitioner filed a petition for a writ of habeas corpus in this Court, and on December 17, 2008, respondent filed a motion to dismiss and Rule 5 answer. The matter is now ripe for consideration.

### B. Grounds Alleged

Petitioner's sole claim is that his statutory and constitutional right to a speedy trial was violated.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993). The courts must construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely. In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference. See

Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

### B. Standard of Review for State Court Findings

The federal statute regarding review of state court habeas corpus actions provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2000).

This standard, adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, is consistent with the Fourth Circuit's interpretation of 28 U.S.C. § 2254(d) prior to the passage of the new law. In Fields v. Murray, 49 F.3d 1024 (4th Cir. 1995), the court held that a review of a state court finding, which is entitled to a presumption of correctness, compels the habeas court to accord a high measure of deference to the state court. See id. at 1032-33 (citing Rushen v. Spain, 464 U.S. 114, 120 (1983); Sumner v. Mata, 455 U.S. 591, 598 (1982)). As stated in Marshall v. Lonberger, 459 U.S. 422 (1983), "[t]his deference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations. Instead, it must conclude that the state court's findings lacked even 'fair [] support' in the record." Id. at 432.

### C. Petitioner's Claims are Exhausted and are Subject to Federal Review.

The exhaustion requirement dictates that a petitioner must first present his claims for relief to state courts before a petition for habeas corpus may be granted by the federal courts.

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)-(c)(2000).

A claim raised in a federal petition for writ of habeas corpus must be the same claim as that presented in state proceedings. See Picard v. Connor, 404 U.S. 270, 275-76 (1971); Pitchess v. Davis, 421 U.S. 482, 487 (1975); Joseph v. Angelone, 184 F.3d 320, 325 (4th Cir. 1999); Beck v. Angelone, 113 F. Supp.2d 941, 960-61 (E.D. Va. 2000); see also Anderson v. Harless, 459 U.S. 4, 6 (1982); Duncan v. Henry, 513 U.S. 364, 365 (1995); Satcher v. Pruett, 126 F.3d 561, 573 (4th Cir. 1997). Respondent concedes, and the Court agrees, that for purposes of federal review, petitioner's claims are exhausted.

### D. Petitioner was Not Denied a Speedy Trial.

The Sixth Amendment to the Constitution provides that "the accused shall enjoy the right to a speedy and public trial," and the protection afforded therein extends to state trials through the Fourteenth Amendment. See Klopfer v. North Carolina, 386 U.S. 213, 222-23 (1967). Whether a person has been denied the right to a speedy trial depends on four factors, no single one of which is either a necessary or sufficient condition to the finding of a violation of the right to a speedy trial. See Barker v, Wingo, 407 U.S. 514, 533 (1972). The factors are: (1) the length of the delay; (2) the reason for the delay; (3) whether the defendant has, in a timely fashion, objected to the delay and asserted his right to a speedy trial; and (4) whether the defendant has suffered prejudice as a result of the delay. See id at 530. When assessing prejudice, the interests of the defendant are three: (1) to prevent oppressive pre-trial incarceration, (2) to minimize anxiety and concern of the accused, and (3) to limit the possibility that the defense will be impaired. See id at 532.

Virginia responded to Barker by establishing strict time limits for trial. In the case before the Court, the relevant statutory language is found in section 19.2-243 of the Virginia Code which states, in part,

> Where a district court has found that there is probable cause to believe that an adult has committed a felony, the accused, if he is held continuously in custody thereafter, shall be forever discharged from prosecution for such offense if no trial is commenced in the circuit court within five months from the date such probable cause was found by the district court; and if the accused is not held in custody . . . he shall be forever discharged . . . if no trial is commenced in the circuit court within nine months from the date such probable cause was found.
>
> If there was no preliminary hearing in the district court, . . . the commencement of the running of the five and nine months periods, respectively, . . . shall be from the date an indictment or presentment is found against the accused.

> If an indictment or presentment is found against the accused but he has not been arrested for the offense charged therein, the five and nine months periods, respectively, shall commence to run from the date of his arrest thereon.

VA. CODE ANN. § 19.2-243 (Michie 1998). However, section 19.2-243(4) establishes that the five-month period is tolled when the delay is caused:

> By continuance granted on the motion of the accused or his counsel, or by concurrence of the accused or his counsel in such a motion by the attorney for the Commonwealth, or by the failure of the accused or his counsel to make a timely objection to such a motion by the attorney for the Commonwealth, or by reason of his escaping from jail or failing to appear according to his recognizance ...

VA. CODE ANN. § 19.2-243(4)(Michie 1998). Thus, any discussion of whether a defendant's rights under the Virginia Code have been violated is fact specific.

In the case before the Court, the Juvenile Court and Domestic Relations General District Court found probable cause for the charges against petitioner on February 5, 2003, appointed counsel, and ordered that petitioner be held in custody without bail until trial. A bench trial was set for March 7, 2003, but on that date, petitioner's court appointed counsel moved to withdraw pursuant to petitioner's wishes. Petitioner informed the trial court that he did not have the means to retain counsel of his own choosing but that he "would like to try," with the assistance of his family. (3/7/2003 Tr. at 3.) Counsel then explained that petitioner's fiance', and other members of petitioner's family, had come to his office indicating that they were financially unable to assist petitioner. Nevertheless, petitioner insisted that he wanted to try to get his own attorney. (3/7/2003 Tr. at 4.) The trial court granted counsel's motion to withdraw and continued the matter until April 14, 2003. On April 14, 2003, the trial court granted petitioner's motion for a continuance, and the matter was set down for the May 12,

6

2003 docket call. At docket call, the court found petitioner to be indigent, appointed counsel, and continued the case to the June 9, 2003 docket call, at which time, the trial was set for August 5, 2003.

On July 18, 2003, the trial court, noting petitioner's objection, granted the Commonwealth's motion for a continuance from August 5, 2003, to August 26, 2003. On August 26, 2003, petitioner, for the first time, requested a jury trial. A jury was not available, therefore, the jury trial was continued to October 20, 2003. (8/26/2003 Tr. at 2-3.)

On October 3, 2003, on motion of the Commonwealth and over petitioner's objection, the trial court ordered the matter continued until November 3, 2003. On October 30, 2003, petitioner filed a motion to dismiss the charges, alleging violation of his speedy trial right under section 19.2-243 of the Code of Virginia. On November 3, 2003, the trial court took the motion under advisement, continued the matter until December 15, 2003, and granted the Commonwealth's motion to release petitioner to pretrial services. On December 11, 2003, the trial court denied petitioner's motion to dismiss.

In ruling on this claim on direct appeal, the Virginia Court of Appeals stated:

> The March 7, 2003 continuance gave appellant, as he desired, additional time and opportunity to hire an attorney. Therefore, . . . a continuance was granted solely for appellant's benefit, and the five-month speedy trial period began to toll on March 7, 2003. . . . The record reflects that the trial court appointed new counsel for appellant on May 12, 2003 and continued the case until the June 9 docket call, when the trial was set for August 5, 2003. Appellant concedes that he did not object during the June 9 docket call to the August 5 trial date or seek to obtain an earlier trial date. Thus, the March 7 continuance tolled the statutory speedy trial period until the August 5 trial date . . . Therefore, subtracting the time from March 7 to August 5, appellant was held in custody for 120 days from the finding of probable cause on February 5, 2003 until his release to pre-trial

7

> services on November 3, 2003. Since that time is within the five-month speedy trail period mandated by Code § 19.2-243, we need not address whether the delay from August 5 to November 3, 2003 was attributable to appellant or to the Commonwealth.

**Booker v. Commonwealth,** Va. Ct. App. Rec. No. 2055-05-1 Ord. of December 28, 2006, at 5-6. The ruling of the Virginia Court of Appeals was neither contrary to nor an unreasonable application of clearly established federal law. Further, the decision was not based upon an unreasonable determination of the facts in light of the evidence presented in the proceeding. See 28 U.S.C. § 2254(d).

The decision of the Court of Appeals was not disturbed by the Supreme Court of Virginia, which refused petitioner's appeal. Since there is a presumption of correctness attendant to state court findings, particularly those interpreting state law, this Court is bound to accord a high measure of deference to the finding of the Virginia Court of Appeals. See Fields v. Murray, 49 F.3d at 1032-33 (1995).

Addressing the factors raised in Barker, it becomes apparent that petitioner has not been denied due process. The original delay in petitioner's trial, from February 5, 2003, to March 7, 2003, was di minimus. The subsequent delay, from March 7, 2003, to August 5, 2003, was proximately caused by petitioner, is chargeable to him, and does not count as part of the five-month time period under the statute. See VA. CODE ANN. § 19.2-243(4).

The reason for the bulk of the delay was petitioner's desire to retain counsel of his choice, even though it appeared at the time that such an effort would be futile. There is no question that the issue of speedy trial was promptly and appropriately raised by defense counsel and rejected by the trial court.

Finally, petitioner can show no prejudice. The record does not reflect any instance where petitioner was denied the ability to call

witnesses or prepare, with counsel, for his defense. The Court notes that after being released to pre-trial services on November 3, 2003, petitioner moved for continuances on at least seven different occasions and delayed trial until May 23, 2005, more than eighteen months after petitioner's motion to dismiss for speedy trial violations. The claim is without merit and should be DISMISSED.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and respondent's motion to dismiss be GRANTED. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(d) of said rules. See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b). A party may respond to another party's objections within ten days after being served with a copy thereof.

      2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

      The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

                                                       /s/
                                        **James E. Bradberry**
                                        **United States Magistrate Judge**

**Norfolk, Virginia**

**June 3, 2009**

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to each of the following:

>Dillard Booker, #14747, <u>pro se</u>
>Hampton Roads Regional Jail
>2690 Elmhurst Lane
>Portsmouth, VA  23701


>Susan M. Harris, Esq.
>Assistant Attorney General of Virginia
>900 E. Main Street
>Richmond, VA  23219

>>Fernando Galindo, Clerk


>>By _____
>>        Deputy Clerk

>>_____, 2009