UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED

JUL 28

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

DILLARD BOOKER, #14747,

Petitioner,

v.  2:08CV507

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

Respondent.

### FINAL ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violation of federal rights pertaining to petitioner's convictions on May 24, 2005, in the Circuit Court for the City of Newport News, Virginia, for forcible sodomy of a child less than thirteen years of age, object sexual penetration of a child less than thirteen years of age, and abduction. As a result of the convictions, petitioner was sentenced to serve seventeen years in the Virginia penal system.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The Magistrate Judge filed his report recommending dismissal of the petition on June 3, 2009. By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. The Court received from petitioner on June 23, 2009, objections to the report.

The Court, having reviewed the record and examined the objections filed by the petitioner and having made <u>de novo</u> findings with respect to the portions objected to, does hereby adopt and approve the findings and recommendations set forth in the Report of the United States Magistrate Judge. Therefore, it is ORDERED that the petition be DENIED and DISMISSED on the merits and that judgment be entered in respondent's favor.

To the extent that petitioner objects to the Magistrate Judge's findings and conclusions, the objections are without merit. The record is complete enough for the Court to reasonably conclude, as did the Magistrate Judge, that the bulk of the continuances which occurred in petitioner's case were the result of petitioner, not the Commonwealth.

Early in the case, petitioner's court-appointed counsel moved to withdraw from the case at petitioner's request. The trial court permitted counsel to withdraw and gave petitioner time to hire his own attorney. When petitioner was unable to do so, new counsel was appointed, and counsel promptly indicated his ability to move forward. There were two continuances granted to the Commonwealth, each of which were <u>de minimis</u>, and the case got back on track. After the second continuance, petitioner was released from custody and remained free until the case went to trial in May, 2005.

The Virginia Court of Appeals specifically ruled that the continuances did not adversely affect petitioner's case and that his right to a speedy trial under Virginia law had not been violated. Further, there is no evidence to suggest that petition's ability to defend himself was impaired in any way as a result of the continuances. To the contrary, the record suggests that petitioner delayed his trial

2

to the point that the trial court refused to grant any further continuances.

Petitioner may appeal from the judgment entered pursuant to this Final Order by filing a written notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty days from the date of entry of such judgment. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability. See Miller-El v. Cockrell, 537 U.S. 322, 336 (U.S. 2003).

The Clerk shall mail a copy of this Final Order to petitioner and to counsel of record for the respondent.

Raymond A. Jackson
United States District Judge
**UNITED STATES DISTRICT JUDGE**

**Norfolk, Virginia**

July 28, 2009